IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| DELSIE E. PARKER, ) | |
| ) | |
| Plaintiff *pro se*, ) | Civil Action No. 21-cv-03105-LKG |
| ) | |
| v. ) | Dated: October 31, 2022 |
| ) | |
| LOYOLA UNIVERSITY MARYLAND, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

**I.      INTRODUCTION**

Plaintiff *pro se*, Delsie E. Parker, brought this employment discrimination action against Loyola University Maryland ("Loyola"), pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*. ("Title VII"). *See generally* Compl., ECF No. 1. Loyola has moved to dismiss the complaint as untimely, pursuant to Fed. R. Civ. P. 12(b)(6). *See generally* Def. Mot., ECF No. 5; Def. Mem., ECF No. 5–1. This motion is fully briefed. *See generally* Pl. Resp., ECF No. 7; Def. Reply, ECF No. 8. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2021). For the reasons that follow, the Court **GRANTS** Loyola's motion and **DISMISSES** the complaint.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**[1]

    **A.     Factual Background**

This employment discrimination action involves claims that Loyola discriminated against Plaintiff based upon her race, color and gender, resulting in the termination of her employment, in violation of Title VII. Compl. at 8–9. Specifically, Plaintiff alleges that Loyola and its employees: (1) created a hostile work environment during her employment with the University;

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl.") and the exhibits thereto ("Ex. at __"); Loyola's motion to dismiss ("Def. Mot.") and the memorandum in support thereof ("Def. Mem."); and Plaintiff's response in opposition thereto ("Pl. Resp.").

(2) retaliated against Plaintiff for filing certain complaints before the United States Equal Employment Opportunity Commission ("EEOC"); and (3) wrongfully terminated her employment. *Id*. As relief, Plaintiff seeks, among other things, back pay, punitive damages and costs. *Id.* at 125–26.

As background, Plaintiff, Delsie E. Parker, is an African American female who resides in Owings Mills, Maryland. *Id.* at 8. For approximately seven years, Plaintiff was employed by Loyola, which is a private university located in Baltimore, Maryland. *Id.*

On September 10, 2012, Plaintiff began working at Loyola as a Campus Police Officer in the Loyola's Department of Public Safety. *Id*. at 8. On September 7, 2013, Plaintiff was promoted to the position of Assistant Investigator for Title IX claims. *Id.*

On February 25, 2019, Loyola terminated Plaintiff's employment. *Id*. Plaintiff acknowledges that she had some performance issues, including her use of marked Public Safety vehicles for personal uses without permission, during her tenure. *Id*. at 81–83. Plaintiff also acknowledges that she had one poor performance evaluation in May of 2017. *Id.* at 39.

In 2017, Plaintiff filed an initial discrimination complaint with the EEOC, alleging discrimination, retaliation and harassment. *Id.* at 43; Pl. Resp. at 10. Plaintiff filed a follow-up complaint on March 25, 2019. Pl. Resp. at 20. On January 29, 2020, the EEOC denied her claim. Compl. Ex. B. at 1, ECF No. 1–2. The EEOC's denial decision includes a Dismissal and Notice of Rights, which states that Plaintiff could file suit in a United States District Court within 90 days of her receipt of the EEOC's decision. Compl. at 124; Compl. Ex. B at 1. And so, the 90-day period for Plaintiff to file a complaint in this Court expired on or about April 28, 2020.

Plaintiff commenced this action on December 7, 2021. *See generally* Compl.

**B.    Procedural History**

Plaintiff commenced this action on December 7, 2021. *See generally id*. On March 4, 2022, Loyola moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(6). *See generally* Def. Mot.

On March 29, 2022, Plaintiff filed a response in opposition to Loyola's motion to dismiss. *See generally* Pl. Resp. Loyola filed a reply in support of its motion to dismiss on April 13, 2022. *See generally* Def. Reply.

Loyola's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (citations omitted). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (holding that while courts must liberally construe the claims made by *pro se* litigants, this does not transform the district court into an advocate for the plaintiff) (citations omitted); *see also Bell v. Bank of Am., N.A.*, No. 13–0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (internal citations omitted). And so, if Plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F. 3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim, if "it is clear that no relief could be granted under any set of facts that could be proved consistent

with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249–50 (1989)).

      **C.**     **Title VII And Equitable Tolling**

Lastly, Title VII prohibits employment discrimination based upon race, color, religion, sex and national origin. *See* 42 U.S.C. § 2000e. Under Title VII, a "person aggrieved" by an alleged unlawful discriminatory employment practice must file a "charge" of discrimination with the EEOC, or an appropriate state or local agency, within a specified time "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1). A Title VII plaintiff "cannot bring suit until [s]he has exhausted the administrative process." *Chacko v. Patuxent Inst.,* 429 F.3d 505, 509 (4th Cir. 2005). Once the administrative process has been completed, the EEOC must give notice to the complainant of the right to file suit in a United States District Court. *See* 42 U.S.C. § 2000e–5(f)(1).

Relevant to the pending motion to dismiss, the receipt of a so-called "right-to-sue letter" begins a 90-day period during which a plaintiff must file suit in federal court.[2] *See* 42 U.S.C. § 2000e–5(f)(1) (stating that a complainant has 90 days to file suit in federal or state court after being notified of the right to sue). The plaintiff bears the burden of establishing that her complaint was timely filed, when the complaint's timeliness is contested by the defendant. *See Cepada v. Bd. of Educ. of Balt. Cty.*, No. 10-0537, 2010 WL 3824221, at *3 (D. Md. Sept. 27, 2010) (citations omitted). In this regard, the 90-day time limit after notification of the right to sue for initiating litigation under Title VII is not a jurisdictional requirement. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982). Rather, the Court treats this time limitation "like a statute of limitations." *Id.*

In addition, the Court has recognized that the 90-day time limit may be subject to equitable tolling. *See Kumar v. First Abu Dhabi Bank USA N.V.*, No. 20-1497, 2020 WL 6703002, *5–7 (D. Md. Nov. 13, 2020). But, the United States Court of Appeals for the Fourth Circuit has cautioned that the invocation of the equitable tolling doctrine to relieve strict application of a statute of limitations "must be guarded and infrequent." *Harris v. Hutchinson*,

---

[2] In the absence of evidence of the date of receipt, a right-to-sue letter is presumed to have been received by a plaintiff three days after it was issued and mailed. *See* Fed. R. Civ. P. 6(d); *see also Weathersbee v. Balt. City Fire Dept.*, 970 F. Supp. 2d. 418, 427-28 (D. Md. 2013).

209 F.3d 325, 330 (4th Cir. 2000). And so, a Title VII plaintiff is only entitled to equitable tolling of her claims, if she presents: (1) extraordinary circumstances; (2) that are beyond her control or external to her own conduct; and (3) that prevented her from filing on time. *See id.*

## IV. LEGAL ANALYSIS

Loyola has moved to dismiss this employment discrimination matter upon the grounds that the complaint is untimely and that Plaintiff has not shown that the doctrine of equitable tolling should be applied to her claims. *See generally* Def. Mot.; Def. Mem. In her response in opposition to Loyola's motion, Plaintiff concedes that this action is untimely. Pl. Resp. at 20 ("Plaintiff could not file her civil case with[in] 90 day[s] due to the COVID-19 pandemic shut down."). But, Plaintiff argues that the Court should toll the applicable statute of limitations in this case, because: (1) the coronavirus pandemic prevented her from timely filing her claims; (2) the EEOC did not issue a right-to-sue letter "for over two years" after she filed her charge of discrimination; and (3) she "has endured a lot psychologically and emotionally" during the last five to six years. *Id.* at 20–23.

For the reasons that follow, Plaintiff's complaint is untimely because she failed to commence this action within 90 days of receiving a right-to-sue letter. 42 U.S.C. § 2000e–5(f). In addition, Plaintiff has not shown that extraordinary circumstances exist to warrant equitable tolling of her claims. And so, the Court **GRANTS** Loyola's motion to dismiss and **DISMISSES** the complaint.

### A. Plaintiff's Employment Discrimination Claims Are Untimely

There can be no genuine dispute that Plaintiff's employment discrimination claims are untimely, because she has not brought this employment discrimination action within 90 days of receiving a "right to sue letter" from the EEOC. *See Dixon v. Digital Equip. Corp.*, 976 F.2d 725, 1 (4th Cir. 1992). Plaintiff acknowledges that she received a "right-to-sue" letter on or about January 29, 2020. Pl. Resp. at 20. But, she commenced this action almost two years thereafter, on December 7, 2021. *See generally* Compl. Given this, Plaintiff has forfeited her right to bring her Title VII claims in this forum. *See Dixon*, 976 F.2d at 1 (noting that the right to bring a Title VII suit is lost by failing to file within 90 days).

Plaintiff's argument that the Court should apply the doctrine of equitable tolling to her

claims is also unpersuasive. Plaintiff is correct that this Court has recognized that the 90-day time period for bringing a Title VII claim may be subject to equitable tolling. Pl. Resp. at 20–21; *see Kumar v. First Abu Dhabi Bank USA N.V.,* 2020 WL 6703002, *5–7. (D. Md. Nov. 13, 2020). But, the Court's invocation of the equitable tolling doctrine to such a claim "must be guarded and infrequent," and limited to situations where a plaintiff can show that extraordinary circumstances, beyond her control, prevented her from timely filing the action. *See Harris*, 209 F.3d at 330. Such extraordinary circumstances are not present in this case.

Plaintiff first argues that she was unable to timely file this action in the Spring of 2020, due to the coronavirus pandemic. Pl. Resp. at 20. In this regard, Plaintiff argues that former President Trump issued a proclamation declaring a national emergency due to the coronavirus pandemic in 2020, and that the Court of Appeals of Maryland also issued an Administrative Order suspending the deadline for filing certain civil claims in 2020, due to the pandemic. *Id.* at 20-21. But, the United States District Court for the District of Maryland did not suspend civil filings during the pandemic. And so, there was no impediment to Plaintiff filing her Title VII claims in this Court during 2020. *See* Standing Order 2020-07, Misc. No. 00-308 (D. Md. Apr. 10, 2020) ("[T]his Order does not toll any applicable statute of limitations. Electronic filing . . . will remain available, and self-represented litigants may deposit . . . papers . . . at each courthouse."); *see also Kumar*, 2020 WL 6703002, at *6 n.3 ("The guidance and protocols of the Maryland State judiciary do not apply here, as the federal judiciary is separate from the State.").

In addition, Plaintiff fails to explain why any difficulty that she experienced due to the coronavirus pandemic, during the Spring of 2020, prevented her from bringing this action for almost two years thereafter. *See* Pl. Resp. at 20-23. Given this, Plaintiff has not demonstrated that the coronavirus pandemic prevented her from timely filing her claims.

Plaintiff's second argument—that the 90-day limitations period should be tolled, because the EEOC delayed issuing her right-to-sue letter—is equally unavailing. *See id.* at 22. Plaintiff fails to explain how any delay by the EEOC prevented her from timely bringing this action once she received the right-to-sue letter on or about January 29, 2020. *See id*.

Plaintiff's argument that her mental state justifies equitable tolling of the statute of limitations in this case similarly fails to show the type of extraordinary circumstances that would warrant equitable tolling. *See* Pl. Resp.at 22–23. Plaintiff argues that she "has endured a lot

6

psychologically and emotionally" during the last five to six years.  *Id.*  The Court is mindful of the fact that Plaintiff has experienced an unfortunate loss of family members as a result of Covid-19.  But, these hardships do not meet the standard for extraordinary circumstances necessary for tolling the applicable statute of limitations in this case.  *See Kumar*, 2020 WL 6703002 at *5–7.  Given this, Plaintiff has not met her burden to show that equitable tolling is appropriate in this matter.

V.     **CONCLUSION**

In sum, Plaintiff's complaint is untimely, and she has not shown that extraordinary circumstances exist in this case to warrant application of the doctrine of equitable tolling to her claims.

And so, for the foregoing reasons, the Court:

1.     **GRANTS** Loyola's motion to dismiss (ECF No. 5);
2.     **DISMISSES** the complaint; and
3.     **DIRECTS** the Clerk of the Court to **CLOSE** the case.

Judgment is entered accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
United States District Judge